UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TOMOE TASAKA,

                        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                               17-CV-7235 (RRM) (ST)

       -against-

BAYVIEW LOAN SERVICING, LLC, *et al.*,

                       Defendants.
-------------------------------------------------------------x

ROSLYNN R. MAUSKOPF, Chief United States District Judge:

       In December 2017, plaintiff Tomoe Tasaka commenced this pro se action against

Bayview Loan Servicing, LLC ("Bayview"); its president, Richard O'Brien; and its Chief

Compliance Officer, Michael S. Waldron (collectively, the "Bayview Defendants"); and against

JP Morgan Chase ("Chase") and its Chairman and Chief Executive Officer, Jamie Dimon

(collectively, the "Chase Defendants"), seeking money damages and to nullify a mortgage on

real property.  Both the Bayview and Chase Defendants requested and received permission to

move to dismiss the complaint on various grounds, including that the complaint failed to comply

with the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

After those motions were served, Tasaka requested permission to amend her complaint and filed

motions for judgment on the pleadings and summary judgment.  For the reasons set forth below,

Tasaka is granted permission to file an amended complaint that complies with the requirements

set forth in this Memorandum and Order.  Tasaka's other motions are denied as premature.

## BACKGROUND

       The following facts are not in dispute.  In early December 2017, Tasaka commenced this

action by filing a complaint with several attachments, including an affidavit from a private

investigator named Joseph R. Esquivel, Jr. (the "Esquivel Affidavit") and a report entitled

"Chain of Title Analysis & Mortgage Fraud Investigation," prepared by Mortgage Compliance Investigations, Inc.  The complaint itself contained very few facts relating to Tasaka or the Defendants.  It alleged that Tasaka took out a loan secured by a mortgage.  However, it provided no other details relating to the note or mortgage, except to imply that the note was originally issued in favor of U.S. Bank, N.A., and to state that it was improperly negotiated to the GNMA REMIC Series 2007-033 Trust.  The pleading asserted that unspecified defendants were "committing fraud" by claiming to be holders in due course of the note and mortgage, but did not allege specific acts or omissions by any individual defendants.  In addition, although the complaint named only private institutions and individuals and did not suggest state action, the complaint principally alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986, as well as various federal criminal statutes and other federal and state statutes and regulations.  The complaint demanded $11 million in damages and that "all mortgages [be] cleared on grounds of fraudulent concealment," (Compl. at 7), asserting that the United States Constitution guarantees that "he who would unlawfully jeopardize your property loses property to you," (*id.* at 6).

The Esquivel Affidavit, attached to the complaint, alluded to other relevant facts.  It stated that Tasaka owned real property in Dolgeville, New York, a village in Fulton County.  (Esquivel Aff. at ¶ 4.)  The affidavit also referenced a state court action – Index No. 2013-01889 – which was allegedly commenced in "District Court" in Fulton County.  (*Id.* at ¶ 19.)  The Court will take judicial notice of the fact that this Index Number relates to a foreclosure action commenced by Chase against Tasaka in the Supreme Court of the State of New York, Fulton County.

In a letter dated February 20, 2017 (the "Bayview PMC Request" ), the Bayview Defendants requested a pre-motion conference in anticipation of moving to dismiss the

complaint.  In that letter, the Bayview Defendants principally proposed arguing that the complaint failed to provide a short and plain statement of the claim that Tasaka was entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  (Bayview PMC Request (Doc. No. 7) at 1.)  The Bayview Defendants characterized Tasaka's pleading as "so deficient" that it failed "to put the Bayview Defendants on notice of Plaintiff's claims" and prevented them from preparing an adequate defense.  (*Id.*)  However, noting that the Esquivel Affidavit referenced a state foreclosure action, and alleging that a judgment of foreclosure and sale had already been entered in that action, the Bayview Defendants also argued that attempts to overturn that judgment would be barred by the *Rooker-Feldman* doctrine and *res judicata*.  (*Id.* at 1–2.)

In a letter dated February 21, 2018 (the "Chase PMC Request"), the Chase Defendants requested a pre-motion conference in anticipation of moving to dismiss Tasaka's complaint on the same grounds proposed in Bayview PMC Request.

In a Scheduling Order dated April 6, 2018, the Court denied both pre-motion conference requests.  Instead, the Court set a briefing schedule which directed the Bayview and Chase Defendants to serve their motions to dismiss by May 7, 2018, and directed Tasaka to respond to those motions by June 6, 2018.  Since neither the Bayview Defendants nor the Chase Defendants requested an "extension of time to answer the defendant(s) Motion to dismiss and  time to file, the Court assumes that they served their motions on or before May 7, 2018.

A few days before her opposition papers were due, Tasaka wrote a letter to the Court requesting an extension of time in which to respond to the motion or, in the alternative, permission to amend the complaint.  (Letter to Hon. Roslynn R. Mauskopf from Tomoe Tasaka dated June 3, 2018 (Doc. No. 19) at 1.)  The Bayview Defendants opposed the motion for leave

to amend, but stated: "Defendants cannot tell whether Plaintiff's request for leave to amend is in bad faith, futile or prejudicial because Plaintiff has not: (i) stated how she intends to amend her complaint; (ii) attached a draft amended complaint for review; or (iii) stated why she must amend her complaint." (Letter to Hon. Roslynn R. Mauskopf from William D. Foley, Jr., dated June 3, 2018 (Doc. No. 20) at 1.) On June 20, 2018, the Court ordered Tasaka to file a proposed amended complaint and stayed the previously entered briefing schedule.

On June 23, 2018, Tasaka filed her proposed amended complaint (the "PAC"). Although the PAC references various federal statutes, including 42 U.S.C. § 1983, the Freedom of Information Act, and various criminal statutes, it does not articulate any causes of actions. The PAC alleges that Tasaka "never borrowed or took a mortgage" from Bayview or Chase, suggests that they did not have a right to foreclose, and asserts that these defendants may have "illegally and unlawfully seized" unspecified property or improperly collected money to which they were not entitled. (PAC at 3–5.) However, the proposed pleading does not allege what any of the four individual defendants – O'Brien, Waldron, Dimon, and a newly added defendant identified only as Jim Davis, an "Operating Manager" who resides in Daytona Beach, Florida (*id.* at 1) – did or failed to do that gives rise to a cause of action against them. The proposed amended complaint demands, among other things, $13 million in damages, and a jury trial at which Tasaka can "prove once and for all the fraud that has been committed upon me." (*Id.* at 10.)

On August 6, 2018, both the Bayview Defendants and the Chase Defendants wrote to the Court, requesting that Tasaka be denied permission to file the PAC. (Letter to Hon. Roslynn R. Mauskopf from William D. Foley, Jr., dated Aug. 6, 2018 (Doc. No. 24) at 1–2; Letter to Hon. Roslynn R. Mauskopf from Michael E. Auerbach, dated Aug. 6, 2018 (Doc. No. 25) at 1–2.) Defendants argue, among other things, that since the PAC does not meet the notice pleading

requirements of Rule 8(a), it would be futile to grant leave to amend.  (*Id.*)  Defendants request

that the parties be directed to resume briefing the motion to dismiss the original complaint or, if

the Court elects to permit Tasaka to file the PAC, that Defendants be permitted to move to

dismiss that pleading.  (*Id.*)

Since August 2018, Tasaka has filed two other motions.  In November 2019, Tasaka filed

a three-page document which purports to be a motion for judgment on the pleadings pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure.  In June 2020, Tasaka filed documents which

purport to comprise a motion for summary judgment.  Defendants have opposed both motions.

## STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party "may amend

its pleading once as a matter of course within … 21 days after service of a motion under Rule

12(b) …."  In all other cases, "a party may amend its pleading only with the opposing party's

written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) expressly provides

that a "court should freely give leave when justice so requires."  However, "a district court has

discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue

prejudice to the opposing party.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d

Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

In this case, both the Bayview Defendants and the Chase Defendants argue that it would

be futile to permit Tasaka to file the PAC.  They argue that the Court should instead direct the

parties to complete briefing the motion to dismiss the original pleading.  While the Court agrees

that it would be futile to permit Tasaka to file the PAC, it would be equally futile to continue

briefing a motion to dismiss a pro se complaint when plaintiff recognizes the need to amend it.

As all parties appear to recognize, the original complaint is deficient in part because it does not meet the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief…."  Tasaka's complaint does not clearly state what each defendant did or failed to do and why she is entitled to the relief that she seeks.  Indeed, the complaint does not contain any factual allegations relating to the individual defendants except for those relating to the titles and addresses.

It is also unclear what claims the complaint is raising.  Defendants assume, based largely on information contained in the Esquivel Affidavit, that Tasaka is attempting to allege that her note and mortgage were never properly assigned to Chase and/or Bayview and that these defendants lacked standing to foreclose on the real property in Dolgeville.  The complaint does not specifically allege this, however.

Despite the deficiencies in the pleadings, the Court could not grant the defendants' motions to dismiss this action on Rule 8 grounds.  It is well established that a "'pro se complaint is to be read liberally,' and should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a valid claim might be stated.'"  *Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (summary order) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  In this case, where Tasaka is alleging that Bayview or Chase "illegally and unlawfully seized" unspecified property or improperly collected money to which they were not entitled but provides no specifics as to when and how, the Court would be reluctant to dismiss the complaint altogether without granting Tasaka an opportunity to file an amended complaint.

To be sure, "leave to replead need not be granted when it would be 'futile'" to do so. *Frederick v. Wells Fargo Home Mortg.*, 649 F. App'x 29, 30 (2d Cir. 2016) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  The Court agrees with defendants that it would be futile to permit Tasaka to replead by filing the PAC.  That proposed pleading is, if anything, even more deficient that the original complaint.  Not only does it violate Rule 8(a) by failing to provide a short and plain statement of the claim showing that Tasaka is entitled to relief, but it also violates Rule 9(b) of the Federal Rules of Civil Procedure by alleging fraud without stating with particularity the circumstances constituting the fraud.

The deficiencies in the proposed amended complaint, however, do not mandate the conclusion that Tasaka could never file a viable pleading.  That proposed pleading was filed before the Court ruled on the defendants' motions to dismiss or explained the defects in Tasaka's original pleading.  In addition, the Court cannot find at this juncture that Tasaka's claims are barred by the *Rooker-Feldman* doctrine or *res judicata*, since defendants' arguments are predicated on assumptions about what Tasaka is claiming.  Accordingly, while the Court agrees that it would be futile to permit Tasaka to file the proposed amended complaint, it cannot find that it would be futile to allow Tasaka another attempt to replead.

Tasaka shall have 30 days from the date of this Memorandum and Order in which to file an amended complaint.  The amended complaint must comply with the requirements of Rule 8(a).  "Under Rule 8(a), … a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotations marks and citation omitted.)  The rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)).  A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Twombly*, 550 U.S. at 557.  In addition, if Tasaka wishes to allege fraud, the amended complaint "should specify the time, place, speaker, and content of the alleged misrepresentations[,] … explain how the misrepresentations were fraudulent and 'plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'"  *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) (quoting *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987)).

Tasaka should specifically allege what each defendant named in the pleading did or failed to do that makes that defendant liable for money damages.  The amended complaint should list causes of action – that is, legally cognizable theories of liability.  Not every violation of a federal or state statute gives rise to a private cause of action.  Generally, "federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).  If a New York statute "does not contain an express grant of a private right of action, a plaintiff can seek civil relief … based on a violation of the statute 'only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Ortiz v. Ciox Health LLC*, 961 F.3d 155, 158 (2d Cir. 2020) (internal quotation marks and citations omitted).  And 42 U.S.C. § 1983 "establishes a private right of action for money damages," but only "against state officials, acting under color of law, who violate a constitutional or statutory right." *Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018) (internal quotation marks omitted).  Accordingly, Tasaka cannot bring a § 1983 claim against a defendant unless there is some basis for alleging that the defendant is a state actor who violated her Constitutional or federal statutory

rights.  Tasaka must also allege a legal basis for the remedies she seeks.  The United States Constitution does not guarantee that "he who would unlawfully jeopardize your property loses property to you."  (Compl. at 6).

## CONCLUSION

For the reasons set forth above, Tasaka is granted leave to file an amended complaint within 30 days of the date of this Memorandum and Order.  That pleading shall be entitled "Amended Complaint" and shall bear docket number 17-CV-7235 (RRM) (ST).  If Tasaka fails to file an amended complaint or to request an extension of time to do so within the 30 days allowed, this action will be dismissed without prejudice.  If Tasaka timely files an amended complaint, defendants may request permission to file motions to dismiss that pleading and this action.

Tasaka's motion for judgment on the pleadings and motion for summary judgment are both denied as premature.  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Tasaka and to note the mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York
      January 11, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

9