UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMOE TASAKA, | |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BAYVIEW LOAN SERVICING, LLC; JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; RICHARD O'BRIEN; MICHAEL S. WALDRON; and JAMES DIMON, | 17-CV-07235 (LDH)(ST) |
| Defendants. | |

LASHANN DEARCY HALL, United States District Judge:

Tomoe Tasaka ("Plaintiff"), proceeding pro se, brings the instant action against Bayview

Loan Servicing, LLC ("Bayview"), Richard O'Brien, Michael S. Waldron (together with

Bayview and O'Brien, the "Bayview Defendants"), JP Morgan Chase Bank, National

Association ("JPMC"), and James Dimon (together with JPMC, the "JPMC Defendants")

(collectively, "Defendants"), asserting various claims under state and federal law, including

claims for (i) fraud, (ii) violation of the Uniform Commercial Code ("UCC"), (iii) violation of

the Truth in Lending Act ("TILA"), and violation of various federal criminal statutes.

Defendants move, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil

Procedure, to dismiss the amended complaint in its entirety.

### BACKGROUND[1]

On May 7, 2007, Plaintiff entered into a promissory note with Alliance Mortgage

Banking Corporation ("Alliance") and its successors and assigns for $114,187 (the "Note"). (*See*

---

[1] The following facts are taken from the amended complaint, documents attached to and incorporated by reference into the complaint, and public documents of which the Court takes judicial notice. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (When ruling on a Rule 12(b)(6) motion to dismiss, the Court

Am. Compl., Ex. A (Note), ECF No. 35-2.)  The Note was secured by a mortgage on real

property located at 7176 State Highway 29, Dolgeville, New York 13329 (the "Real Property")

in Fulton County, New York (the "Mortgage"), which was "given to Mortgage Electronic

Registration Systems, Inc. ('MERS') (solely as nominee for [Alliance])."  (*See* Am. Compl., Ex.

B (Mortgage) at 3, ECF No. 35-3.)  The Mortgage was recorded by the Fulton County clerk on

June 11, 2007.  (*Id.* at 2.)  Thereafter, on October 9, 2007, the Mortgage was assigned from

MERS, as nominee for Alliance, to MERS, its successors and assigns, as nominee for

Washington Mutual Bank ("WaMu"), its successors and assigns.  (Am. Compl., Ex. C

(assignment to WaMu), ECF No. 35-4.)  This assignment was recorded by the Fulton County

clerk on January 2, 2008.  (*Id.*)  On September 13, 2013, the Mortgage was assigned from

MERS, as nominee for WaMu, to JPMC.  (Am. Compl., Ex. D (assignment to JPMC), ECF No.

35-5.)  The assignment was recorded by the Fulton County Clerk on September 27, 2013.  (*Id.*)

On October 3, 2013, JPMC initiated foreclosure proceedings in New York State Court (the

"Foreclosure Action").  (*See* Am. Compl., Ex. E-4 (Foreclosure Action complaint), ECF No. 35-

10.)  In November 2014, the state court granted JPMC's motion for default judgment in the

Foreclosure Action and appointed a referee to compute the amount due to JPMC.  (Am. Compl.

Ex. F-1, ECF No. 35-14.)  On March 10, 2016, a Judgment of Foreclosure and Sale was entered

in the Foreclosure Action.  (Declaration of Brian P. Scibetta ("Scibetta Decl."), Ex. 2 (Judgment

of Foreclosure and Sale), ECF No. 40-3.)  On March 15, 2016, the Mortgage was assigned by

JPMC to the Secretary of Housing and Urban Development and on April 6, 2016, the Secretary

---

"confine[s] its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.").

of Housing and Urban Development assigned the Mortgage to Bayview Loan Servicing, LLC. (Am. Compl., Ex. E (assignment to Bayview and chain of title), ECF No. 35-6.)  The latter assignment was recorded by the Fulton County Clerk on May 26, 2016.  (*Id.*)  On October 2, 2017, JPMC assigned the bid of foreclosure sale to Bayview.  (Scibetta Decl., Ex. 7 (assignment of bid of foreclosure sale), ECF No. 40-8.)

Plaintiff alleges that Defendants claimed an interest in the Note underlying the Mortgage, despite that fact that Plaintiff did not enter into an agreement with JPMC or Bayview.  (Am. Compl. at 5–6, ECF No. 35.)  Plaintiff further alleges that a transfer of the Mortgage to any Defendant was not recorded in the official records of the Queens County Recorder's Office within 30 days of the transfer or assignment.  (*Id.* at 7–8.)  Moreover, Plaintiff alleges that, at some point, the loan was "transferred to multiple classes of the Guaranteed REMIC Pass-Through Certificates Fannie Mae REMIC Trust 1990-6."  (*Id.* at 5–6.)  Plaintiff concludes that the rights to the "Mortgage must have also been transferred to multiple classes of [all Defendants]."  (*Id.* at 6.)  According to Plaintiff, "Defendant(s) certifies that an assignment of the [Mortgage] has been accomplished by selling certificates as shares of the Guaranteed REMIC Pass-through Certificates Fannie Mae REMIC Trust 1990-6, to investors" though no such assignments have been recorded in the Queens County Recorder's Office.  (Am. Compl. at 7–8.)  Plaintiff also alleges that JPMC and Bayview never owned the Note underlying the Mortgage.  (*Id.* at 8.)  Next, Plaintiff alleges that she hired an investigator to conduct a "securitization audit" to prove that Defendants are not the "holders in due course" of the Note and Mortgage and that they therefore committed fraud.  (*Id.* at 14.)  Plaintiff attached to her second amended complaint 533 pages of exhibits, including an Affidavit by Joseph R. Esquivel, Jr., a licensed investigator in the state of Texas, who conducted a chain of title analysis and mortgage fraud investigation for

Plaintiff "regarding the [s]ecurity [i]nstrument and the real property located at 7176 State Highway 29, Dolgeville, NY 13329, as referenced in the Fulton County Record." (*See* Am. Compl., Aff. of Joseph R. Esquivel, Jr. ("Esquivel Aff."), ECF No. 35-1.)[2]

Against that backdrop, the crux of Plaintiff's complaint appears to be that Defendants improperly and fraudulently claimed an interest in the rights to the Mortgage and underlying Note and sought to exercise those rights. Specifically, Plaintiff claims that the Note and Mortgage were improperly assigned, because: (i) Plaintiff did not enter into any contract with any Defendant and (ii) Defendants did not timely record or notify Plaintiffs of the assignments.

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so,

---

[2] The facts set forth herein are gleaned, in part, from documents attached as exhibits to the amended complaint. Aside from the Esquivel Affidavit, Plaintiff attaches to her amended complaint 17 separate documents, totaling 533 pages. Plaintiff references these exhibits only once in her amended complaint, saying, "[Defendants] must be held accountable for their fraudulent actions. See attached exhibits." (Am. Compl. at 15.) She does not explain how the exhibits are relevant to her allegations of fraud. Exhibits A and B are the note and mortgage for the Real Property. Exhibits C through E, and F appear to be records of assignments of the Mortgage. (ECF Nos. 35-2–35-6, 35-13.) The exhibit filed as E-4 is the summons and complaint in the Foreclosure Action. (ECF No. 35-10.) The exhibit filed as F-1 includes a notice of sale of the Real Property pursuant to a judgment of foreclosure and sale, as well as a decision and order on a motion for default judgment in the Foreclosure Action involving the Real Property. (ECF No. 35-14.) The remaining exhibits include MERS manuals, filings from seemingly unrelated litigations, and a Ginnie Mae offering circular. (ECF Nos. 35-15–35-18.)

it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

### I.   *Rooker-Feldman*

Defendants argue that pursuant to the *Rooker-Feldman* doctrine the Court lacks subject matter jurisdiction to hear Plaintiff's claims.[3]  (*See* JMPC Defs.' Mem. L. Supp. Mot. Dismiss ("JPMC Mem.") at 11–15, ECF No. 40-9; Bayview Defs.' Mem. L. Supp. Mot. Dismiss ("Bayview Mem.") at 9–12, ECF No. 41-1.)  In aid of their *Rooker-Feldman* argument, Defendants submitted to the Court the Judgment of Foreclosure and Sale of the Real Property entered in the Foreclosure Action.  (*See* Scibetta Decl., Ex. 2, ECF No. 40-3; Declaration of Robert H. King ("King Decl."), Ex. A, ECF No. 41-3.)  As Defendants' request, the Court takes

---

[3]  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

judicial notice of the Judgment of Foreclosure and Sale.[4]  (*See* JMPC Mem. at 3, n.2; Bayview Mem. at 8, n.1.)

"The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021).  *Rooker-Feldman* bars federal review of claims when four requirements are met: "(1) 'the federal-court plaintiff must have lost in state court[;]' (2) 'the plaintiff must complain of injuries caused by a state-court judgment[;]' (3) 'the plaintiff must invite district court review and rejection of that judgment[;]' and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'"  *Id.* (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).  "[I]n determining whether the doctrine applies, the key inquiry is whether the complaint alleges an injury caused by a state court judgment." *Brodsky v. Carter*, 673 F. App'x 42, 43 (2d Cir. 2016).

Here, there is no question that Plaintiff meets the first and fourth requirements—also known as the procedural requirements for invoking the *Rooker-Feldman* doctrine.  Plaintiff lost in the Foreclosure Action and therefore meets the first requirement.  *See Dorce*, 2 F.4th at 102 ("Someone who loses an ownership interest in property through a state in rem foreclosure proceeding against the property has lost in state court.").  The fourth requirement is also met because judgment in the Foreclosure Action was rendered on or about March 10, 2016 (*see* Scibetta Decl. ¶ 5, Ex. 2), well before the commencement of the instant action.  Whether Plaintiff meets the second and third requirements is another matter.

---

[4]  The Court notes that the Judgment of Foreclosure and Sale appears to include an errant page listing paragraphs four through seven.

"[A] party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007). Thus, "plaintiffs are permitted to seek damages for injuries caused by a defendant's misconduct in procuring a state court judgment, but not for injuries directly caused by that judgment." *Dorce*, 2 F.4th at 104. This is so even if, by alleging such misconduct, the plaintiff asks a district court to make findings that are inconsistent with the state court judgment, as long as the plaintiff does not seek to overturn the state court judgment or have it declared void. *See, e.g.*, *id.* at 107 (*Rooker-Feldman* permits a district court to deny a legal conclusion that the state court reached as long as the district court does not engage in review and rejection of the state court judgment); *Sung Cho v. City of New York*, 910 F.3d 639, 648–49 (2d Cir. 2018) (claims not barred by *Rooker-Feldman* where plaintiff's suit attacked unconstitutional settlement agreements themselves and the course of conduct that led to them, rather than the state courts' rulings); *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015) (*Rooker-Feldman* did not bar district court's jurisdiction where plaintiffs alleged that defendants were engaged in a "default judgment mill" to obtain state-court judgments by unlawful means, because plaintiffs' claims sounding under the FDCPA, RICO, and state law spoke not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments). In short, "the second and third *Rooker-Feldman* requirements are not met when a plaintiff alleges that fraud occurred during a foreclosure proceeding and seeks damages for [her] injuries." *Limtung v. Thomas*, No. 19-CV-3646, 2021 WL 4443710, at *5 (E.D.N.Y. Sept. 28, 2021) (citing *Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014)).

Here, Plaintiff explicitly disclaims that she seeks to overturn or declare void the judgment of foreclosure and sale or to reclaim the Real Property.  (Am. Compl. at 15.)  Instead, Plaintiff purportedly seeks damages, in the amount of $11 million or $13 million, for mental anguish caused by Defendants "fraudulent and negligen[t] action(s)."  (*Id.*)  To the extent Defendants' alleged "fraudulent and negligen[t] action(s)" relate to conduct that pre-dates the judgment of foreclosure, Plaintiff's claims are not barred under *Rooker-Feldman*.[5]  Accordingly, Defendants' motions are denied to the extent they seek dismissal for lack of subject matter jurisdiction.[6]

## II.     Rule 12(b)(6)

### A.  Res Judicata

Defendants alternatively argue that Plaintiff's claims are barred under the doctrine of res judicata, because her claims arise from the same transaction or series of transaction as the Foreclosure Action, which involved the same parties and was decided on the merits.  (JPMC Mem. at 17–18; Bayview Mem. at 12–13.)

When a defendant raises a res judicata defense on a motion to dismiss, a court may consider dismissal "where all relevant facts are set forth in the complaint and in matters of which the [c]ourt may take judicial notice."  *Nash v. Bd. of Educ. of the City of New York*, No. 99-CV-9611, 2016 WL 5867449, at *4 (S.D.N.Y. Sept. 22, 2016); *see also Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008)  ("When a defendant raises the affirmative defense of res judicata . . . and it is clear from the face of the complaint . . . that

---

[5]  It appears from Plaintiff's amended complaint that the complained-of conduct is that which led to the foreclosure on the Real Property.  To the extent Plaintiff complains of injuries that post-date and resulted from the foreclosure, *Rooker-Feldman* would likely bar this Court's review of such claims.

[6]  The Court has considered the JPMC Defendants' Article III standing arguments and finds them unavailing.  The JPMC Defendants do not cite to a single case in which a property was foreclosed upon or in which the plaintiff alleged emotional damages.  (JPMC Mem. at 8–11.)  Here, the Court cannot say that Plaintiff has failed to allege an injury traceable to Defendants' conduct where the allegedly fraudulent assignments resulted in a judgment of foreclosure and sale against Plaintiff.

the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is appropriate." (quotation marks omitted)).  "[T]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment[.]"  *Austin*, 270 F. App'x at 53 (quotation marks and citation omitted).

To prove the defense of res judicata, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quotation marks and citation omitted).

"[A] state court judgment has the same preclusive effect in federal court as the judgment would have had in state court."  *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994).  Accordingly, because the prior decision was rendered by a New York state court, New York's res judicata doctrine governs.  *Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016) ("Federal courts must use the *res judicata* doctrine of the state in which the state court judgment was granted.").  "New York adheres to a transactional analysis of res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief."  *Burka*, 32 F.3d at 657 (internal quotation marks omitted); "While New York does not have a compulsory counterclaim rule (*see* CPLR 3011), a party is not free to remain silent in an action in which [s]he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of City of New York*, 502 N.E.2d 978, 980 (N.Y. 1986).  Accordingly, "[i]n New York, 'res judicata

... bars successive litigation [of all claims] based upon the same transaction or series of connected transactions ... if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was.'" *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.,* 894 N.E.2d 1, 12 (N.Y. 2008)); *see also Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871, 2020 WL 1151313, at *11 (S.D.N.Y. Mar. 9, 2020), *appeal dismissed* (Aug. 4, 2020) ("Plaintiff's claims are barred by res judicata if they arose out of the same 'transaction or series of transactions' as the Foreclosure Action, and were (or could have been) litigated in that proceeding.").

Here, Plaintiff's claims challenging the validity of the assignments, whether under a theory of fraud, negligence, or in contravention of some statute, are barred under the doctrine of res judicata. *First*, there was a judgment on the merits in the Foreclosure Action. Specifically, the court entered a Judgment of Foreclosure and Sale, which provided that Plaintiff was "hereby forever barred and foreclosed of all right, claim, lien, title and interest and equity of redemption of the mortgaged premises and each and every part thereto." (Scibetta Decl., Ex. 2 at 6.) Moreover, Plaintiff attached to her amended complaint an order granting JPMC's motion for default judgment against Plaintiff in the Foreclosure Action. (Am. Compl., Ex. F-1.) "[A] foreclosure default judgment is a final judgment on the merits." *Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021) (citing *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d

621, 626 (2d Cir. 2007).  *Second*, Plaintiff, the party against whom the doctrine is being invoked was a party to the Foreclosure Action.[7]

*Third*, Plaintiff's claims challenging the validity of the assignments could and should have been raised in the Foreclosure Action because they "arise out of the same transaction that was the subject of the Foreclosure [Action]: specifically, the foreclosure and enforcement of the note and mortgage." *In re Moise*, 575 B.R. 191, 203 (Bankr. E.D.N.Y. 2017).  Indeed, the essence of Plaintiff's amended complaint is that Defendants committed fraud to obtain the property through the foreclosure proceeding.  (Am. Compl. at 15.)  That Plaintiff seeks only damages for emotional harm and asserts her allegations under various legal theories is of no moment.[8]  *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").  To the extent Plaintiff now alleges that she was injured by the fraudulent or improper assignment of the mortgage, such claims could and should have been raised as a defense in the Foreclosure Action.  *See Yeiser v. GMAC Mortg. Corp*. 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("This doctrine [of res judicata] also applies to defenses that could have been litigated, including a defense to a foreclosure.").  Accordingly, Plaintiff's claims arising from the assignments of the mortgage are plainly barred by the doctrine of res judicata.  *See Harris v. BNC Mortg., Inc.*, 737 F. App'x 573, 576 (2d Cir. 2018) (finding claims in federal action to be barred by res judicata

---

[7]  The Foreclosure Action was between JPMC as plaintiff and Plaintiff as defendant.  Bayview, as the successor to JMPC's interest in the property (*see* Bayview Mem. at 13; Am. Compl., Ex. E; Scibetta Decl., Ex. 7), is in privity with JPMC and is therefore subject to the preclusive effect of res judicata.

[8]  Plaintiff asserts her fraud and improper assignment allegations as claims for common law fraud (Am. Compl. at 8,14–15), negligence (*id.* at 15), and violations of UCC Articles 3 and 9 (*id.* at 5, 10–11).

where "[b]oth the complaint and the [previous state court] foreclosure action involved allegations relating to the origin of [plaintiff's] mortgage and its subsequent assignment.").

Even if Plaintiff's remaining allegations give rise to claims not barred under *Rooker-Feldman* or the doctrine of res judicata, those claims must be dismissed on other grounds.

### B.  Federal Statutes

Defendants argue that Plaintiff's claims under TILA and various federal statutes should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Specifically, Defendants argue that Plaintiff fails to allege certain requirements under TILA and that the claim is time barred in any event.  (JPMC Mem at 18–19; Bayview Mem. at 14–15.)  The JPMC Defendants also contend that the because the various criminal statutes cited by Plaintiff do not provide for any civil causes of action.  (JPMC Mem at 18–19, 20.)

*First*, even where Plaintiff invokes a statute that could bear a plausible relationship to the facts alleged and provides for a private right of action—TILA—Plaintiff fails to state a claim. Indeed, Plaintiff's TILA claim, to the extent she pleads one, is barred by the statute of limitations.  (*See* JPMC Mem. at 18–19; Bayview Mem. at 14–15.)  As best can be gleaned from the allegation, Plaintiff alleges that Defendants violated TILA by failing to record or otherwise disclose to Plaintiff, within 30 days, the assignment of the Mortgage.  (Am. Compl. at 7.) Section 1641(g) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  15 U.S.C. § 1641. The TILA imposes a one-year statute of limitations on private actions for damages arising from disclosure violations.  15 U.S.C. § 1640(e); *see also Cardiello v. The Money Store*, 29 F. App'x. 780, 781 (2d Cir. 2002); *Ciccone v. Flagstart Bank, FSB*, No. 15-CV-6809, 2017 WL 10456859,

at *8 (E.D.N.Y. Jan. 9, 2017).  In the case of a disclosure violation, the statute of limitations

begins to run 30 days after the assignment of the mortgage.  15 U.S.C. § 1641(g)(1); *see also*

*Craig v. Saxon Mortg. Services*, 2015 WL 171234, *9 (E.D.N.Y. Jan. 13, 2015).

Here, the JPMC Defendants urge the Court to take judicial notice that JMPC acquired

Plaintiff's loan on September 25, 2008, thereby triggering the one-year statute of limitations on

October 25, 2008.  The Court however declines to take judicial notice of this fact.[9]  But even

measuring from the date the mortgage was assigned from WaMu to JPMC, September 13, 2013

(Am. Compl., Ex. D), the statute of limitations would have expired on October 13, 2014, more

than three years before Plaintiff initiated the instant action.  Plaintiff's TILA claim against the

Bayview Defendants is similarly time-barred.  The Mortgage was assigned to Bayview on April

6, 2016.[10]  (Am. Compl., Ex. E.)  The statute of limitations, therefore, expired on May 6, 2017—

over six months before Plaintiff filed the instant action.  Accordingly, Plaintiff's TILA claim to

the extent she pleads one, is barred under the statute of limitations.  Plaintiff has offered no

argument as to why she should be entitled to equitable tolling.  Accordingly, Plaintiff's TILA

claim is dismissed as time barred as against all Defendants.

*Second*, Plaintiff invokes a multitude of federal statutes in her amended complaint

without providing facts to support claims under such statues.  Plaintiff asserts various claims

---

[9]  The JPMC Defendants ask the Court to take judicial notice that JPMC is the successor in interest to all of WaMu's loans and loan commitments.  In support of this request, the JPMC Defendants attached to their motion a September 25, 2008 Purchase and Assumption ("P&A") Agreement entered into with the FDIC, and cite to a New York Appellate division decision stating that JPMC acquired all of WaMu's loans and loan commitments.  (JPMC Mem. at 4 (citing *JPMorgan Chase Bank, National Assn. v. Russo*, 121 A.D.3d 1048, 1048 (2d Dept. 2014).)  Defendants do not argue that the P&A Agreement was publicly filed, and Court may not take judicial notice of publicly available documents for the truth of the matter asserted therein.  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  In any event, the Court need not determine whether the fact of JPMC's acquisition of WaMu's loans and loan commitments is subject to judicial notice, as the fact is not determinative.

[10]  It is not entirely clear that Plaintiff has any right to assert such claim against the Bayview Defendants, because according to the documents submitted by Plaintiff as exhibits to the amended complaint, the Mortgage was not assigned to Bayview until after the judgment of foreclosure and sale was entered against Plaintiff.

under criminal statutes, such as 18 U.S.C. §§ 241, 242, 337, 471, 473, 474, 872, 873, 876, 880, 1001, 1021, 1341, 1348, 1957 and 12 U.S.C. § 1831(n).  (Am. Compl. at 2–4, 6, 11, 13.) However, as Defendants correctly argue, "[c]laims based on the violation of federal criminal statutes . . . are not cognizable, as federal criminal statutes do not provide private causes of action."  *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009); *see also, e.g.*, *Ates v. United States*, 2020 WL 6202672, *4–5 (E.D.N.Y. Oct. 22, 2020) (dismissing complaint alleging, among other things, violations of criminal laws).[11]  Thus, to the extent the amended complaint may be read to set forth claims under such statutes, the claims must be dismissed pursuant to Rule 12(b)(6).[12]

## III.    Rule 9(b)

Defendants argue that Plaintiff's fraud claims should be dismissed for failure to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  (*See* JPMC Mem. at

---

[11] "A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action."  *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. §§ 241, 242, 645, or 1341); *see also, e.g.*, *Anthony v. Cattle Nat. Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012) ("[T]his court determines that section 1831n does not create a private right of action."); *Byrd v. Cook*, No. 2:21-CV-2288, 2021 WL 2688543, at *4 (S.D. Ohio June 30, 2021) (no private cause of action under 18 U.S.C. §§ 656, 1341, 1346 or 1348), *aff'd*, No. 21-3623, 2021 WL 6298658 (6th Cir. Nov. 8, 2021); *Brick v. Estancia Mun. Sch. Dist.*, No. 20-CV-00881, 2021 WL 1267838, at *2 (D.N.M. Apr. 6, 2021) (no private right of action under 18 U.S.C. § 873); *Weinstein v. City of N.Y.*, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014) (no private rights of action under 18 U.S.C. § 1341 or § 1957); *Kloth-Zanard v. Bank of Am.*, No. 3:15-CV-1208, 2017 WL 4429694, at *4 (D. Conn. Oct. 5, 2017) (no private right of action under 18 U.S.C. §§ 242, 471, 472, 473, or 474); *Gross v. Cormack*, No. 13-CV-4152, 2013 WL 6624051, at *2 (D.N.J. Dec. 16, 2013) (no private right of action under 18 U.S.C. §§ 876, 1021, 1341, or 1349), *aff'd*, 586 F. App'x 899 (3d Cir. 2014); *Chadda v. Mullins*, No. 10-CV-4029, 2010 WL 4484622, at *2 (E.D. Pa. Nov. 9, 2010) (no private cause of action under 18 U.S.C. § 875), *aff'd*, 430 F. App'x 192 (3d Cir. 2011); *Poydras v. One W. Bank*, No. 09-11435, 2009 WL 1427396, at *1 (E.D. Mich. May 20, 2009) (no private right of action under 18 U.S.C. §§ 241, 872, or 1001).  Even if Plaintiff had invoked 18 U.S.C. § 1964(c), which provides for a civil cause of action, her claims would fail because she seeks damages exclusively for emotional distress and civil recovery under RICO is "inapplicable to claims for damages arising from physical injury or emotional distress."  *Davis Lee Pharmacy, Inc., v. Manhattan Cent. Cap. Corp.*, 327 F. Supp. 2d 159, 164 (E.D.N.Y. 2004); *see also Shaw v. Rolex Watch U.S.A., Inc.*, 776 F. Supp. 128, 135 (S.D.N.Y. 1991) (dismissing plaintiff's claims for damages under RICO to the extent they were based on emotional distress or physical injury).

[12] In any event, it appears from the amended complaint that any claim that Plaintiff would or could assert under these statutes arises from conduct underlying the mortgage foreclosure proceeding and is barred under the doctrine of res judicata, as discussed above.

19–20; Bayview Mem. at 15.)  The Court agrees.  To state a claim for fraud, a plaintiff must allege facts showing: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001).  Pursuant to Rule 9(b), a plaintiff only satisfies the first element where she: (1) specifies the statements that she contends were fraudulent; (2) identifies the speaker; (3) states where and when the statements were made; and (4) explains why the statements were fraudulent.  *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *see also Knox v. Countrywide Bank*, 4 F. Supp.3d 499, 509 (E.D.N.Y. 2014) (finding pro se plaintiff's fraud allegations failed to satisfy Rule 9(b)'s particularity requirement).  Moreover, to establish the scienter of the defendant, "a plaintiff must allege facts that give rise to a strong inference of fraudulent intent," which strong inference may be established by either "(a) alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F3d 1124, 1128 (2d Cir. 1994).

Here, Plaintiff's fraud claim must be dismissed for failure to plead fraud with particularity as required under Rule 9(b).  Plaintiff has not pleaded any specific statements that were allegedly fraudulent, much less the speaker of such statement or where and when such statement was made.  Nor has Plaintiff alleged that she relied on any specific false statements.  Furthermore, Plaintiff has not alleged facts that would give rise to an inference, much less a "strong" inference, of fraudulent intent.  Even construing Plaintiff's complaint liberally, as the

Court must, Plaintiff's complaint does not contain specific facts necessary to plead a claim sounding in fraud.

Plaintiff's argument in her opposition to Defendants' motions that she signed the mortgage agreement "fraudulently" because "[an unspecified entity or person] failed to disclose [something]", does not cure the deficiencies in the amended complaint. (Pl.'s Mot. for J. ("Pl.'s Opp'n") at 6, ECF No. 39.[13]) Indeed, such an argument does not even implicate Defendants and does not appear to be based on any factual allegations in the amended complaint.[14] Similarly, Plaintiff's vague reference in her opposition to "Exhibit B Deposition of Erika Lance" does not establish a claim for fraud. (Pl.'s Opp'n at 6.) Presumably, Plaintiff refers to Exhibit E-2 to her amended complaint, which is a deposition transcript from a case in Florida state court that does not appear to have any relationship whatsoever to Plaintiff's allegations in the instant action. (Am. Compl., Ex. at E-2.)

As the Bayview Defendants note, in the January 11, 2021 Memorandum and Order, Judge Mauskopf instructed Plaintiff as to the requirement for pleading fraud under Rule 9(b). (Bayview Mem. at 15; *see* Jan. 11, 2021 Memorandum & Order ("Mem. & Order") at 8, ECF No. 34.) Nevertheless, Plaintiff has again failed to meet this standard.

---

[13] The Court construes Plaintiff's July 14, 2021 motion for judgment on the pleadings as Plaintiff's opposition to Defendants' motions. The July 14, 2021 motion for judgment on the pleadings is signed and dated several days prior to Plaintiff's deadline to serve Defendants with her opposition papers to the instant motions.

[14] Plaintiff indicates in her opposition papers that she has asserted a claim for fraudulent misrepresentation and appears to raise this claim as a ground for recission, which is not a remedy she seeks in her amended complaint. Again, Plaintiff explicitly seeks only damages and disclaims that she seeks to overturn the foreclosure action. In any event, to state a claim for fraudulent misrepresentation, Plaintiff's pleadings must comply with Rule 9(b). *Riker v. Premier Cap., LLC*, No. 15-CV-8293, 2016 WL 5334980, at *5 (S.D.N.Y. Sept. 22, 2016) ("It is beyond dispute that fraudulent misrepresentation claims sound in fraud and are subject to Rule 9(b)'s heightened pleading standard." (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 179 (2d Cir. 2015))). They do not.

## IV.     Rule 8 Pleading

Defendants maintain that Plaintiff has failed to meet the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Supreme Court has held, specifically in relation to a complaint filed pro se, that "[s]pecific facts are not necessary" to satisfy Rule 8, and that the complainant "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  The reason for this is plain, given that pro se complaints are "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (internal citations omitted).  Against this backdrop, the Second Circuit has held that "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."  *Boykin*, 521 F.3d at 216.  It is not altogether clear that this is not one of those cases, at least in part.

Certainly, Plaintiff has failed to meet the Rule 8 pleading standard with respect to any claims brought under the numerous statutes invoked in the amended complaint that have no logical connection to Plaintiff's factual allegations.  These include statutes such as 26 U.S.C. § 6103(k) (Am. Compl. at 11), a provision of the Internal Revenue Code that creates a private right of action for damages for the inspection or disclosure of any "[tax] return or [tax] return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 1604(c)[.]"  26 U.S.C. § 7431(a)(2).  Plaintiff's tax return or tax return information is not even mentioned in the amended complaint.  (*See generally* Am. Compl.)  Similarly, Plaintiff's reference to 42 U.S.C. § 1983 is unattached to any factual allegations whatsoever.[15]  (*Id*. at 1.)  Likewise, despite reference to UCC § 2-609 (*Id*. at 5), which applies to

---

[15]  Moreover, Plaintiff does not indicate against whom such a § 1983 claim would be asserted, as she has not identified any Defendant acting under color of state law.  *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir.

contracts for the sale of goods, none of Plaintiff's allegations relate whatsoever to a contract for the sale of goods. *BAII Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 694 (2d Cir. 1993) ("Section 2–609 is part of Article 2 of N.Y.U.C.C.; as stated in § 2–102, Article 2 'applies to transactions in *goods*[]' . . . [and] § 2–609 applies to 'contract[s] for sale.'"). Plaintiff further references the UETA and E-Sign Act in relation to electronic transfers. Setting aside that New York has not adopted the UETA and that the E-Sign Act does not support a private right of action,[16] the amended complaint simply does not contain any allegations of electronic transfers. Other statutes are referenced merely for their defined terms, but not as a basis for any cause of action. (*See, e.g.*, Am. Compl. at 8 (citing N.Y. Code § 290), 11 (invoking civil statutes 22 U.S.C. §§ 611, 263, 284, and 286[17]).) Indeed, the amended complaint is rife with passing references to statutes that have no connection to the alleged facts. (*See* Am. Compl. at 12–13 (citing various statutes).) Plaintiff simply has not pleaded any facts that would provide Defendants with notice of the grounds for a claim under most of the statutes cited in the amended complaint.

However, as discussed above, even where Plaintiff plausibly pleads claims sufficient to survive Rule 8, such claims fail under Rules 9(b) and 12(b)(6).

## V.   Leave to Amend Would be Futile

The Second Circuit instructs that a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any

---

2002) ("[T]o state a claim under § 1983, a plaintiff must allege that [s]he was injured by either a state actor or a private party acting under color of state law.").

[16] *See Herrera v. Navient Corps.*, No. 19CV06583, 2020 WL 3960507, at *5 (E.D.N.Y. July 13, 2020) (no private right of action under the E-Sign Act).

[17] In any event, there is no implied private right of action under any of these statutes. *See, e.g.*, *Hauser v. Smith*, No. CV2008138, 2021 WL 2262551, at *4 (D. Ariz. June 3, 2021) (dismissing claims asserted under 22 U.S.C. §§ 611, 263, 284, and 286 because none of the statutes provide a basis for a civil suit), *appeal dismissed*, No. 21-16037, 2021 WL 4206415 (9th Cir. July 16, 2021)

indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (quotation marks and citation omitted).  Where the problems with the causes of action are substantive and would not be cured with better pleading, repleading would be futile and any such request should be denied.  *Id*.  The Court finds that amendment would be futile in the instant case.  Plaintiff has been provided with ample opportunity to re-plead.

Plaintiff commenced the instant action on December 12, 2017.  (*See* Compl., ECF No. 1.) After Defendants filed their respective requests for a pre-motion conference on their anticipated motions to dismiss the initial complaint, Plaintiff was granted permission to, and did, file a proposed amended complaint on June 23, 2018.  (ECF No. 23.)  On August 6, 2018, Defendants requested that Plaintiff be denied permission to file the proposed amended complaint.  (ECF Nos. 24, 25.)  On January 29, 2019, Plaintiff filed a "Reply in Opposition to Defendants Motion[s] to Dismiss."  (ECF No. 26.)  On November 19, 2019, Plaintiff filed a document styled as a "motion for judgment on the pleadings" to which Defendants responded, noting that a motion for judgment on the pleadings was procedurally deficient as the pleadings were not yet closed.  (ECF Nos. 27, 28.)  On February 14, 2020, Plaintiff filed another "Reply in Opposition to Defendant(s) Motion[s] to Dismiss."  (ECF No. 29.)  On June 26, 2020, Plaintiff filed a document styled as a "Motion for Summary Judgment" to which Defendants responded, arguing that such motion was procedurally improper and requesting that the Court issue a determination as to the proposed amended complaint.  (ECF Nos. 31, 32.)

On January 11, 2021, then-Chief Judge Mauskopf issued a memorandum and order dismissing the original complaint, finding that the proposed amended complaint failed to meet even the minimal pleading standards set forth in Rule 8(a).  (*See* Mem. & Order at 7.)  Judge Mauskopf also denied Plaintiff's motion for judgment on the pleadings and motion for summary

judgment as premature.  (*Id.*)  Judge Mauskopf then granted Plaintiff 30 days leave to file an amended complaint.  (*Id.*)  On February 3, 2021, Plaintiff filed the instant amended complaint, which appears to provide even fewer factual allegations than set forth in the proposed amended complaint and, in any event, fails to state a claim against Defendants.  On February 17, 2021, Defendants requested a pre-motion conference on their respective anticipated motions to dismiss. (ECF Nos. 36, 37.)  By order dated May 18, 2021, Judge Mauskopf denied the requests and set a briefing schedule for Defendants' motions.  The case was transferred to this Court on July 6, 2021, shortly before Plaintiff's opposition to Defendants' motions were due.

On July 14, 2021, Plaintiff filed a document styled as a "motion for judgment on the pleadings", presumably in opposition to Defendants' motions to dismiss, which were served on Plaintiff on June 11, 2021.  (*See* Pl.'s Opp'n.)  On July 24, 2021, Defendants filed their motions to dismiss.  (JMPC Mot. Dismiss, ECF No. 40; Bayview Mot. Dismiss, ECF No. 41.)  On August 24, 2021, Plaintiff filed a motion to amend the complaint.  (Pl.'s Mot. Amend, ECF No. 45.)  On December 28, 2021, Plaintiff filed yet another document styled as a "motion for judgment on the pleadings."  (ECF No. 46.)  Because Plaintiff's motions for judgment on the pleadings are procedurally improper at this stage, the motions are denied as improperly filed.[18]

Plaintiff has had ample time and opportunity to formulate her allegations to state a claim. Throughout the various filings in this case, Defendants and the Court have provided Plaintiff with more than sufficient notice of the deficiencies in her pleadings.  Yet, in her third bite at the apple, Plaintiff has again failed to cure these deficiencies.  Even reading the allegations in the amended complaint to afford Plaintiff every favorable inference to which as a pro se litigant is

---

[18]  As noted above, the Court construes Plaintiff's July 14, 2021 motion for judgment on the pleadings as Plaintiff's opposition to Defendants' motions.

entitled, the amended complaint does not state a viable claim. A fourth bite at the apple would be futile. *See Jackson v. Wells Fargo Home Mortg.*, No. 15-CV-5062, 2018 WL 8369422, at *13 (E.D.N.Y. Aug. 10, 2018) (denying pro se plaintiff a second opportunity to amend where it did not appear that such opportunity would allow plaintiff to cure substantive defects in her amended complaint, such as statute of limitations), *report and recommendation adopted*, No. 15-CV-5062, 2019 WL 1376840 (E.D.N.Y. Mar. 27, 2019), *aff'd*, 811 F. App'x 27 (2d Cir. 2020). For these reasons, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's amended complaint are GRANTED and the amended complaint is dismissed in its entirety. Plaintiff's motion to amend is DENIED. Plaintiff's motions for judgment on the pleadings are DENIED as improperly filed.

SO ORDERED.

Dated:  Brooklyn, New York
      March 31, 2022

                              /s/ LDH
                              LASHANN DEARCY HALL
                              United States District Judge